No. 41,088

In the Matter of the Estate of Bertha Rath Meyers, Deceased. IDA ELLEN RATH, Executrix of the Estate of Robert M. Rath, Deceased, Claimant, *Appellant*, v. Estate of Bertha Rath Meyers, L. F. MEYERS, Executor, *Appellee.*

(331 P. 2d 287)

Opinion filed November 8, 1958.

*A. L. Moffat*, of Kinsley, argued the cause, and *W. C. Gould, R. R. Mitchell* and *Don C. Smith*, all of Dodge City, were with him on the briefs for the appellant.

*C. W. Hughes*, of Dodge City, argued the cause, and *James A. Williams* and *Byron G. Larson*, both of Dodge City, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal arises out of a claim filed in the probate court by Robert M. Rath against the estate of Bertha Rath Meyers, deceased, for an accounting of the property of the Carrie R. Bainbridge estate. The claim was disallowed by both the probate and district courts. Pending this appeal, Robert died and his widow, Ida Ellen Rath, executrix of his estate, was substituted in his stead as appellant.

Briefly stated, the record discloses the following:

Carrie R. Bainbridge, a resident of Ford County, died testate in 1923. The principal beneficiaries under her will were her three children, Robert M. Rath, Roy Bainbridge and Bertha Rath Meyers. Bertha was executrix of Carrie's will, and the estate was closed in 1926. The will provided for a five-year trust as to certain property, and this trust was subsequently terminated and an accounting filed in the probate court.

Shortly thereafter the three principal beneficiaries under the will, Robert, Roy and Bertha, entered into an oral agreement under which Bertha undertook the continued duty of looking after the real estate and personal property devised and bequeathed to them by Carrie. Under this agreement Bertha was to retain control and possession of the property and was to manage it, collect the rents and profits, and in all matters was to have general and complete control of it, and was to make distribution of the proceeds in equal shares to Robert, Roy and herself. At the time of this agreement Robert was indebted to both Roy and Bertha, and over the years he continued to borrow money from Bertha in varying amounts. Some time prior to 1946 or 1947 Robert conveyed his interest in the property involved to Bertha as security for his indebtedness to her and Roy. Bertha collected rents and profits and proceeds from sales and made partial distributions from time to time to Robert, Roy and herself. Roy was paid the amount due him from Robert, and prior to Bertha's death in August, 1954, she made final settlement with Roy for his interest in the Carrie R. Bainbridge estate.

A deed to the last remaining land in which Robert had an interest was delivered to him prior to Bertha's death. When she died she had in her possession Robert's note for $6,930.30, with no payments endorsed thereon.

The gist of Robert's claim, after setting out the chronological background of the matter, a portion of which has just been related, was that during all of the period in question Bertha had collected large sums of money as rentals and from sales of property; that she made various distributions and paid out large sums for taxes and improvements, but commingled the funds and property of the estate with her own private funds, and that she did not at any time render an accounting for the funds received and disbursed. The prayer of his petition sought to require Bertha's surviving husband, as executor of her estate, to render a full and complete accounting, and that upon such final accounting Robert's claim be allowed in the sum of $20,000, or as much as the court finds is due him.

No mention need be made of the contents of the answer other than to state that it denied various allegations of Robert's petition and alleged that any accounting allowed by the court would disclose a credit balance in favor of Bertha's estate.

Robert did not testify and his evidence consisted of the testimony

of his brother Roy. The evidence in behalf of Bertha's estate consisted of the testimony of her surviving husband. A number of exhibits were introduced.

In denying Robert's claim the trial court made the following findings:

"The court further finds that the expressed trust under oral agreement as alleged by the claimant is void under 67-401 G. S. 1949.

"The court further finds that the evidence in this cause is insufficient to give rise to a trust by implication of law since neither actual nor constructive fraud on the part of the decedent is shown and since although the evidence indicates that there were financial dealings between claimant and the decedent, the actual nature of said financial dealings is left to conjecture."

The specifications of error are that the court erred in concluding the trust agreement alleged in claimant's petition was void under G. S. 1949, 67-401; in concluding the evidence was insufficient to give rise to a trust by implication of law and that the financial transactions involved were left to conjecture; that the judgment is contrary to the undisputed evidence, and that the court erred in overruling claimant's motion for a new trial and in rendering judgment against him.

G. S. 1949, 67-401, provides:

"No trust concerning lands except such as may arise by implication of law shall be created, unless in writing signed by the party creating the same, or by his attorney thereto lawfully authorized in writing."

In his brief Robert frankly concedes that

". . . if the allegations of the petition and the evidence in support thereof are insufficient to give rise to a trust by implication of law, then the claim of Robert M. Rath should be denied."

In view of the record it is unnecessary to go into a discussion of the principles relating to the creation of trusts by implication of law, and neither is it considered necessary to burden this opinion with a detailed discussion of the evidence. It is sufficient to say there is no evidence that any real estate belonging to claimant was in Bertha's possession at the time of her death. There is nothing to indicate that her estate was augmented by any property, real or personal, belonging to claimant, and neither is there any evidence to indicate bad faith or fraud on the part of Bertha, or any betrayal of any confidence arising out of the relationship of the parties. The record has been read and given careful consideration, and we are in complete accord with the holding of the trial court that the

matters in issue are left to "conjecture." The burden was on claimant to prove his claim and he failed utterly to establish any sum due him. Further discussion of the facts would serve no useful purpose. Under the record before us the trial court properly disposed of this case and the judgment is affirmed.